REVISED SEPTEMBER 26, 2008

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-60822
Summary Calendar

OSCAR ORLANDO AGUILAR

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 745 836

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Oscar Orlando Aguilar (Aguilar), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA's) decision denying his application for withholding of removal. Aguilar claims that he suffered persecution in El Salvador because gang members threatened to kill him, his mother, and his brother unless his brother joined their gang. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims that he will face more persecution in El Salvador if he is forced to return to that country.

If the BIA has made no error of law, we will affirm its conclusion if it is based on the evidence presented and is substantially reasonable. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 351 (5th Cir. 2002). We will reverse only if the evidence compels a contrary conclusion. Carbajal-Gonzalez v. I.N.S., 78 F.3d 194, 196 (5th Cir. 1996).

An applicant for withholding of removal bears the burden of demonstrating a clear probability that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion if he is returned to his country of origin. Chen v. Gonzales, 470 F.3d 1131, 1138 (5th Cir. 2006). A clear probability is one that establishes that it is more likely than not that the applicant would be subject to persecution for one of the reasons specified by law. Campos-Guardado v. I.N.S., 809 F.2d 285, 290 (5th Cir. 1987). The clear-probability standard for withholding of removal requires that the applicant show "a higher objective likelihood of persecution than that required" to prevail on an application for asylum. Chen, 470 F.3d at 1138 (noting that an applicant for asylum must demonstrate a well-founded fear of persecution). Threats alone do not necessarily constitute persecution. See Tesfamichael v. Gonzales, 469 F.3d 109, 116 (5th Cir. 2006); Mikhael v. I.N.S., 115 F.3d 299, 304 & n.4 (5th Cir. 1997).

Aguilar testified that he first came to the United States in March 2001, that he returned to El Salvador in December 2003 because his mother was sick. His parents and his brother lived in El Salvador. In January 2004 Aguilar was told by his mother and brother that gang members – recognizable as such by their tattoos – came by (but not inside) their house and told his mother and brother, that if his brother did not join the gang they would "kill him, kill my mother and kill me." Aguilar was not present at that time. In his affidavit in support of his application for withholding Aguilar states that "gangs came

around our house while I was there and threatened to kill everyone unless our brother joined them." Aguilar testified that neither he nor any of his family ever reported any of this to the police or other authorities. There is no evidence any of the gang members had any type of weapon. Because of these threats his brother left El Salvador and Aguilar does not know where he is. Aguilar because of those threats left El Salvador in February 2004 entering the United States in March 2004. Aguilar also testified that he, himself, had never had any problems with gangs and was "never harmed" while in El Salvador. There is no evidence of any harm to either of his parents who remain in El Salvador (or to his brother). There is no other evidence of threats or anything else claimed to constitute persecution or to pose a risk of persecution on return. The evidence does not compel the conclusion either that Aguilar had actually suffered persecution in El Salvador or that there is a clear probability that he will suffer persecution if returned to El Salvador.

Moreover, there was no evidence that any of the threats implicated any of the protected grounds provided by law. See Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004) ("A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion."). Except for stating that he fears more threats of the type he previously received, which did not amount to persecution, Aguilar points to no evidence of future acts that would constitute persecution. Additionally, none of the threats of which Aguilar complains implicate any of the protected grounds. See Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004).[1]

---

[1]Nothing in Aguilar's testimony even suggests otherwise. His withholding application answers "no" to the question:

> "Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a policity party, student group, labor

Although Aguilar mentions the Convention Against Torture (CAT) in his brief in this court, he did not argue a CAT claim in his brief to the BIA. Consequently, we have no jurisdiction to consider a CAT claim by Aguilar. See Witter v. I.N.S., 113 F.3d 549, 554 (5th Cir. 1997).

PETITION DENIED.

---

union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?"

His affidavit states that he is "a member of a particular social group, that is a male."