# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60093
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2018

Lyle W. Cayce
Clerk

ANA MARIA DIAZ-DE ARDON; GERMAN EMANUEL ARDON-DIAZ; INGRID ESTEFANIA CESTONI-DIAZ; JOSUE EZEQUIEL PINEDA-DIAZ,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 004 416
BIA No. A202 004 417
BIA No. A202 004 418
BIA No. A202 004 419

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ana Maria Diaz-de Ardon, German Emanuel Ardon-Diaz, Ingrid Estefania Cestoni-Diaz, and Josue Ezequiel Pineda-Diaz, natives and citizens of El Salvador, seek review of the dismissal by the Board of Immigration Appeals (BIA) of their appeals from the denial by the Immigration Judge (IJ)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA.  *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).  We review questions of law de novo and factual findings for substantial evidence.  *Id.*  Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it."  *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

To qualify for asylum, an alien must prove that he or she either has suffered past persecution or has a well-founded fear of future persecution in his or her native country.  8 C.F.R. § 208.13(b).  "[T]he applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i).  Petitioners' claim of asylum eligibility is predicated on their allegation that at least one central reason they suffered past, or would suffer future, persecution was based on their membership in a particular social group, namely membership in the de Ardon family.

Petitioners have not shown that the evidence compels a conclusion contrary to that of the BIA and the IJ on the issue whether they are entitled to asylum.  *See Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).  At a minimum, Petitioners failed to establish that they either were victims of past persecution in El Salvador or have a reasonable fear of future persecution should they return there.  As for past persecution, Petitioners demonstrated, at most, three instances in which Josue and Diaz-de Ardon were approached by gang members and threatened with harm if Josue did not join.  This is insufficient to establish past persecution.  *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004); *Aguilar v. Mukasey*, 294 F. App'x 147, 148 (5th Cir.

No. 17-60093

2008).[1]  As for future persecution, Petitioners point to no evidence of future acts that would constitute persecution beyond the cumulative effect of the gang's previous threats.  These previous threats do not rise to the level of past persecution, and Petitioners' subjective fear of persecution does not, on its own, satisfy the objective-reasonableness requirement.  *Zhao*, 404 F.3d at 307.

To qualify for withholding of removal, an alien "must demonstrate a clear probability of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and citation omitted).  As "[w]ithholding of removal is a higher standard than asylum," one who fails to show entitlement to asylum fails to show entitlement to withholding of removal, *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  As substantial evidence supports the BIA's finding that Petitioners failed to meet their burden for asylum, they have also failed to demonstrate their burden for withholding of removal.  *Id.*

Finally, to obtain relief under the CAT, "an applicant must show that it is more likely than not that he would be tortured if returned to his home country." *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005) (internal quotation marks and citation omitted).  There is no basis in the record to demonstrate that the BIA's determination was unsupported by substantial evidence.  Nor does the case require remand in light of our recent decision in *Iruegas-Valdez v. Yates*, 846 F.3d 806 (5th Cir. 2017).  Petitioners provided no particularized evidence in this case of the sort offered by Iruegas-Valdez, and there is nothing in the record to indicate that the IJ or BIA used an incorrect standard to analyze Petitioners' CAT claims given the evidence presented by Petitioners before the IJ.

PETITION DENIED.

---

[1] Although unpublished opinions issued on or after January 1, 1996, are not precedential, they may nevertheless be persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.